JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLER CAIRNS, *et al.*,<br><br>                        Plaintiffs,<br><br>          v.<br><br>FORD MOTOR COMPANY, *et al.*,<br><br>                        Defendants. | Case No. 5:24-cv-01553-FLA (SHKx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## <u>RULING</u>

On June 12, 2024, Plaintiffs Kyler Cairns and Natalie Taylor ("Plaintiffs") filed a complaint in the Riverside County Superior Court, asserting against Defendant Ford Motor Company ("Defendant") three causes of action for violations of the California Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code § 1790, *et seq*. Dkt. 1-2 ("Compl."). As relevant here, Plaintiffs seeks actual damages, civil penalties, and attorney's fees and costs. *Id.* at 9. On May 29, 2024, Defendant removed the action to this court, alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. 1 ("NOR") at 3–5.

On July 26, 2024, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an

insufficient amount in controversy. Dkt. 9. Only Defendant filed a response. Dkt. 10 ("Resp.").

Having reviewed the Notice of Removal and Defendant's response to the OSC, the court finds Defendant fails to establish subject matter jurisdiction by a preponderance of the evidence and REMANDS this action to the Riverside County Superior Court.

## **DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. As the removing party, Defendant bears the burden to justify this court's exercise of jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). "Federal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

### A.   Actual Damages

At issue here is whether the amount in controversy exceeds the $75,000 jurisdictional minimum for diversity jurisdiction. Under the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This includes a mileage offset, which is calculated by reducing the purchase price by an amount directly proportional to the number of miles driven. *Id.* § 1793.2(d)(2)(C).

Plaintiffs allege the subject vehicle has an approximate value of $66,170.75. Compl. ¶ 8. While Defendant argues restitution under the Song-Beverly Act includes amounts paid and payable, Defendant never states what it contends the total amount is. Resp. at 2–3. Defendant, thus, has not met its burden to establish any restitution is in controversy. *See Gaus*, 980 F.2d at 567. For purposes of this Order, the court assumes, without making any related legal or factual determinations, the actual damages Plaintiffs might recover in this action are $66,170.75.

### B.   Civil Penalties

Defendant next argues Plaintiffs' request for civil penalties of twice the base amount of damages must be included in the amount in controversy calculation. Resp. at 3–4. Again, because Defendant has not established the base amount of damages, it does not state what it contends the civil penalties should be. *Id.*

In any case, "[a] plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages." *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets

3

omitted). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quotation marks omitted).

District courts regularly find Song-Beverly Act plaintiffs' conclusory allegations regarding willfulness are insufficient to place civil penalties in controversy absent specific facts pleaded. *See Estrada*, 2021 WL 223249, at *3 (collecting cases "remanding where civil penalties were too speculative for inclusion in the amount-in-controversy") (quotation marks omitted). This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see also Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

Defendant does not identify any specific facts or evidence to establish Plaintiffs are reasonably likely to recover civil penalties under the Song-Beverly Act. *See* Resp. at 3–4. Defendant also fails to prove it is reasonable to double the amount of actual damages in arriving at the size of a likely award. *See Pennon*, 2021 WL 2208578, at *2. The court, therefore, finds it too speculative to include civil penalties in the amount in controversy.

### C. Attorney's Fees

Finally, Defendant contends Plaintiffs' demand for attorney's fees provides an additional reason for the court to determine the amount in controversy satisfies the jurisdictional minimum. Resp. at 4–5. In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). A

removing defendant, however, must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence … with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *see also D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) (recognizing "many cases alleging violations of the [Song-Beverly] Act settle early"). Moreover, a defendant fails to show attorney's fees are part of the amount in controversy where it "makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hours or billing rates that might apply." *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021).

Defendant does not provide or substantiate a reasonable lodestar estimate for a potential attorney's fee award in this action and argues instead that the amount of attorney's fees at issue exceeds $40,000. Resp. at 5. Defendant cites cases to argue that district courts have found $40,000 to be a reasonable estimate of attorney's fees for Song-Beverly Act cases. Resp. at 4–5. Defendant also notes it "can provide publicly available records showing that a plaintiff's counsel in these types of cases routinely seek attorneys' fees in excess of $40,000 for matters that quickly settle," but does not provide those records. Resp. at 4.

Defendant, however, fails to explain how the specific facts of this case are analogous to any case referenced by Defendant. *Id.* at 4–5. That this action also involves claims under the Song-Beverly Act is alone insufficient to establish that this amount of attorney's fees is at issue here. *See id.* at 5 ("Both of these cases involved the same allegations as those brought here—alleged violations of the [] Song-Beverly [] Act and sought attorneys' fees under the same statutory provision of this statute. Thus, it is reasonable to conclude that Plaintiffs' attorney's fees will be in excess of $40,000 ….").

It is Defendant's burden to show, by a preponderance of the evidence, that at least $8,829.25 in attorney's fees are in controversy (assuming Plaintiffs' damages are at least $66,170.75, which Defendant has not demonstrated). Given that the removal statute is construed strictly, and all doubts are resolved in favor of remand, the court finds Defendant has failed to demonstrate the amount in controversy exceeds the jurisdictional minimum based on attorney's fees.

## **CONCLUSION**

For the aforementioned reasons, the court finds Defendant has failed to demonstrate the amount in controversy exceeds $75,000 as required to establish diversity jurisdiction. The court, therefore, REMANDS the action to the Riverside County Superior Court, Case No. CVSW2406415. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: September 9, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge